UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KYIA C. WILSON,

      Plaintiff,

  v.                                                            21-CV-1138-LJV
                                                                       ORDER

ASHLEE ANN GRALEWSKI, *et al.*,

      Defendant.
_____

      The *pro se* plaintiff, Kyia C. Wilson, has filed a complaint naming several defendants: Ashlee Ann Gralewski of Gainesville, Georgia; Melissa S. Loftland of Georgetown, Delaware; the Division of Family & Children Services of Hall County, Georgia; the Hall County Georgia Police Department; the State of Georgia; the State of Delaware; Cynthia A. Susi of Harbeson, Delaware; Judge Paula T. Ryan of Georgetown, Delaware; and the Hall County (Georgia) District Attorney's Office.[1] Docket Item 1. She also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it) and has filed the required affidavit, Docket Item 2; for the appointment of counsel, Docket Item 3; for an expedited hearing, Docket Item 4; and "to vacate the Georgia Superior Court of Hall County (2020CR10153) case," for temporary custody of two minors, and for a "forensic audit of the Georgia case files," Docket Item 5.

---

[1] On page one of the complaint, Wilson names the first six defendants. Docket Item 1 at 1. On page six, she names three additional defendants: Cynthia A. Susi, Judge Paula T. Ryan, and the Hall County Georgia District Attorney's Office. *Id.* at 6. The Clerk of the Court shall update the caption to include these three additional defendants.

Because Wilson meets the statutory requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2), her motion is granted. For the reasons that follow, however, this action is transferred to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a). This Court does not screen the complaint under 28 U.S.C. § 1915(e)(2), nor does it consider the merits of Wilson's remaining motions, Docket Items 3, 4, and 5.[2] Instead, the Court leaves those issues to the Northern District of Georgia.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[2] Wilson's complaint and the documents it attaches repeatedly refer by full name to the two minor children of whom she seeks custody. *See* Docket Items 1 and 1-1. Federal Rule of Civil Procedure 5.2(a)(3) provides that "[u]nless the court orders otherwise, in [a] . . . filing with the court that contains . . . the name of an individual known to be a minor, . . . a party . . . making the filing may include only[] . . . the minor's initials." Under Rule 5.2(d), "[t]he court may order that a filing be made under seal without redaction." To protect the confidentiality of the minors referred to in Wilson's papers, the Clerk of the Court shall seal the complaint, Docket Item 1; the attachments to the complaint, Docket Item 1-1; and the motion to vacate, for temporary custody, and for a forensic audit, Docket Item 5. Of course, that does not prevent the Northern District of Georgia from later unsealing the filings, ordering Wilson to file a redacted version of those documents, or taking any other action that it sees fit. *See* Fed. R. Civ. P. 5.2(d) ("The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.")

28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

Here, Wilson does not allege that any individual defendant resides within the Western District of New York.  In fact, the individual defendants are alleged to reside not in New York but rather in Georgia and Delaware.  *See* Docket Item 1 at 2, 6.  Moreover, Wilson does not allege that any of the events underlying her claims occurred within this district.  Indeed, Wilson alleges that most of the events occurred in Hall County, Georgia; a few others are alleged to have occurred in the courts of the State of Delaware.  *See id.* at 3-8.  But there is no apparent connection to the Western District of New York other than that the plaintiff may live here.

## **CONCLUSION**

Based upon the foregoing, this Court finds that venue over Wilson's action is not proper in this district.  In the interest of justice, this Court transfers this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).  This Court does not screen the complaint, nor does it consider the merits of Wilson's remaining motions, Docket Items 3, 4, and 5; instead, the Court leaves those issues to the Northern District of Georgia.

SO ORDERED.

Dated:  April 13, 2022
        Buffalo, New York

                                                   */s/ Lawrence J. Vilardo*
                                                  LAWRENCE J. VILARDO
                                                  UNITED STATES DISTRICT JUDGE